W. B. HARGIS v. ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY.
No. 2642.

1.  **Charge.**—A charge correctly instructing the jury under what facts, if found by them, the plaintiff would be entitled to recover, commended for the absence of abstract propositions.

2.  **Duty of Railway Employes to Avoid Frightening Teams, etc.**—Liability for frightening a team by the railway whistle would be incurred upon the willful blowing of the whistle, or by sounding it when such employes have reasonable grounds for believing that the noise would cause fright to teams near the track, when from either cause injury resulted from fright of teams.

3.  **Care for Passing Teams by Railway Employes.**—It is not incumbent as a duty upon the servants of a railway company to watch for teams near the track and so to operate the engines as not to frighten them. It is the duty of the company in running its trains to keep a lookout along its track so as not to injure persons who may be found thereon, at least upon public crossings. But further than this the duty does not extend.

4.  **Care by Drivers of their Teams.**—It would seem that parties in control of teams easily frightened and unaccustomed to such noises should not unnecessarily

stop near them. The companies have a right to expect that this care will be exercised.

5. **Charge Approved.**—It was proper to charge the jury that if plaintiff knew that his team was afraid of the engine, and after crossing the track in safety he had time to have moved on to a safe distance, and stopped voluntarily and unnecessarily, and while so standing the employes of the railway company, for the purpose of backing the train, gave the usual signals and frightened the team, the plaintiff could not recover.

APPEAL from Titus. Tried below before Hon. W. P. McLean.

The facts are given in opinion. The charges discussed are as follows:

"4. The burden of proof is on the plaintiff to show his right to recover by a preponderance of the evidence. He must not only show by such preponderance that employes of defendant did intentionally frighten the team of plaintiff, and that he was thereby injured. It is not sufficient that plaintiff's team became frightened at the noise made by the whistle, or bell, or escaping of steam from an engine of defendant company, and that in consequence of such fright plaintiff was injured, but the evidence must also show that such noise was made by employes of defendant for the purpose of frightening the team; or that such employes of defendant caused such noise, knowing or having reason to believe at the time that it would probably frighten said team and that injury might result to the occupants of the wagon therefrom."

"6. If you believe from the evidence that plaintiff received physical injuries such as are alleged in the petition by reason of his team becoming frightened and throwing him to the ground, or by dragging him, and you further find that said team became frightened by reason of noise made by employes of defendant in blowing the whistle or ringing the bell, or causing steam to escape from an engine of defendant in their charge, and you find from the evidence that said employe or employes of defendant in blowing the whistle or ringing the bell, or causing steam to escape from an engine of defendant in their charge, and you find from the evidence that said employe or employes of defendant caused such noise for the purpose and with intent to frighten said team, or knowing or having reason to believe that such noise would frighten said team, then plaintiff would be entitled to recover such sum as actual damages as the evidence may show him entitled to, under the instructions hereinafter given."

"8. If, however, you do not find that said employe or employes made said noise with intent to frighten plaintiff's team, and you do not find that they knew or had reason to believe that said noise would frighten said team and probably cause injury to plaintiff or others in said wagon, then you will find for defendant.

"9. Or if you find from the evidence that said employe or employes of defendant, being in charge of an engine of defendant, blew the whistle

and rang the bell as signals that the engine or train was about to move forward or backward, not knowing or having reason to believe that plaintiff's team would become frightened and probably do injury to plaintiff or others in the wagon, then defendant would not be liable in damages for any injury sustained by plaintiff by reason of his team becoming frightened at such noise, or otherwise, incident to starting said engine in motion.

"10. If you find from the evidence that plaintiff drove his team across defendant's railroad at a public crossing, and that an engine of defendant was standing near such crossing, and you further find that plaintiff's team was afraid of said engine, and became frightened in crossing in front of said engine, and after crossing said railroad plaintiff voluntarily stopped his team and wagon and said team became quiet, and the engineer or other employe then blew the whistle and rang the bell as signals to move said engine, believing from plaintiff's act in stopping his team that no injury would arise from such signals, or necessary escaping steam, and plaintiff's team took fright and injured him, then defendant would not be liable.

"11. If you find that plaintiff knew or had reason to know that his team was afraid of said engine, and he drove across said railroad in front of the engine, and after he had crossed he had time to get at a safe distance from said engine and the noise incident to moving the same before said noise was made, but instead of moving on he voluntarily and unnecessarily stopped his team, and whilst so standing said employes, only for the purpose of giving the usual signals to back the train, blew the whistle and rang the bell and caused the escape of steam, or did any of said acts, and plaintiff's team took fright thereat and hurt him, then plaintiff could not recover for such injury."

"14. It is made the duty by law of railway companies to cause the bell on their trains to be rung and the steam whistle to be blown when approaching a public crossing. If in this case you find that the engineer or fireman complained of sounded the whistle, or rang the bell, or did both, as signals that the train was about to back towards a street or other public crossing, and said sound gave fright to the plaintiff's team and caused him to be injured, the fact that said noises frightened the team would not render defendant liable for the injury, unless said engineer or fireman saw and realized or had reason to know that such noise would cause fright to the team and result probably in injury."

*Snodgrass & Snodgrass,* for appellant, cited Railway v. Lowry, 61 Texas, 149; Railway v. Sympkins, 54 Texas, 615; Railway v. Smith, 52 Texas, 178; Railway v. Weisen, 65 Texas, 443; Railway v. Carson, 66 Texas, 345; Railway v. Gorbett, 49 Texas, 581; Whart. on Neg., secs. 388, 389; Thomp. on Neg., sec. 443; Wait's Act. and Def., 584.

No brief for appellee has reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—The appellant brought this suit against appellee to recover damages for personal injuries. The evidence showed that he had gone to Mount Pleasant in a wagon drawn by two mules, and had started home. On approaching defendant's road near the depot in that town, he discovered a freight train with its engine near the crossing, standing on the track. His mules became frightened at the engine and unmanageable, when he alighted from the wagon and drove them across the track on foot. Having passed the crossing he halted his team very near it, and while in the act of mounting his wagon the whistle of the engine was blown, causing the mules to run away. He became entangled in the lines and was drawn a considerable distance, and thereby received the injuries of which he complains.

The assignments of error are mainly to the charge of the court as given and the refusal to give instructions asked by appellant. The first is that "the court erred in its charge to the jury as a whole in failing to charge the degree of diligence required of the employes of defendant under the evidence in this case in operating or running its engine or trains across a public street in town."

We think the objection to the charge is not well taken. The court correctly instructed the jury under what facts, if found by them, the plaintiff would be entitled to recover. It is commendable in that it contains no abstract propositions.

The second assignment is that "the court erred in the part of its charge in paragraph 4 which reads as follows: 'But he must also show by such preponderance of evidence that employes of defendant did intentionally frighten the team of plaintiff and that he was thereby injured.'"

If this instruction stood alone the charge would perhaps be objectionable on account of its failure to present the issue of the plaintiff's right to recover if defendant's employes blew the whistle, knowing or having reason to believe that the noise would probably frighten the team and endanger the safety of plaintiff. But in the same paragraph this issue is distinctly presented. It is again very clearly submittted in the subsequent paragraphs of the charge. The jury in our opinion could not have been misled by the instruction of which appellant complains.

The third assignment of errors is as follows: "The court erred in those parts of its charge in paragraphs 6, 8, 9, 12, and 14, and other paragraphs of said charge similar in their effect, which charge the jury in substance to find for defendant unless they believe from the evidence that the employe or employes of defendant company caused the whistle and bell on the engine to be sounded or steam to escape as shown by the evidence, with the knowledge or belief that such noise or noises would or might frighten plaint-

iff's team, and also for the purpose and with the intention to frighten plaintiff's team."

Upon this assignment it is impliedly assumed in the propositions in appellant's brief that the defendant was liable, although its employes did not know and did not have reason to believe that the noise would frighten the mules, and that it was the duty of the company's servants to watch for teams near the track, and so to operate the engine as not to frighten them. We do not understand that the company or its servants owed to persons in charge of vehicles near its track any such duty. It is the duty of the company in running its trains to keep a lookout along its track so as not to injure persons who may be found thereon, at least at public crossings. But further than this, in our opinion, the duty does not extend. The law requires that under certain circumstances the whistles shall be blown or bells rung; and it may be presumed that the whistle and bell are necessarily used as signals in operating trains. It would seem to follow that persons in control of teams easily frightened, and unaccustomed to such noises, should exercise care in approaching trains, and should not unnecessarily stop in close proximity to them. The companies have a right to expect that this care will be exercised, and are not required to take steps to provide against the consequence of a failure to do so. However, we do not say that if the employes of a railroad company become aware that an unmanageable team is halted near the track it is not their duty to desist for a reasonable time from making such noises as may be avoided consistently with their other duties.

The assignment that there was error in the eleventh paragraph of the charge is not well taken. In that paragraph the jury are told in substance that if plaintiff knew that his team was afraid of the engine, and after crossing the track in safety he had time to have moved on to a safe distance, and stopped voluntarily and unnecessarily, and "while so standing" the employes, for the purpose of backing the train, gave the usual signals and frightened the team, the plaintiff could not recover. The instruction was correct. It is not to be seriously contended that a person by voluntarily stopping an unsafe team near a train could make it the duty of the employes of a railroad company to await his pleasure in driving on before resorting to the usual signals for starting the train. They would have the right to conclude that he knew his own business best, and that he had his team under his control.

The court did not err in refusing the special charge asked by plaintiff. The excellent charge given by the court had already presented clearly the law applicable to every phase of the case made by the testimony, and additional instructions were neither necessary nor proper.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 5, 1889.