NORTH SIDE ST. R'Y CO. v. W. A. TIPPENS.

(No. 3479.)

APPEAL from Tarrant County.  Opinion by WILLSON, J.

TEMPLETON & CARTER and S. L. SAMUELS, counsel for appellant.

No counsel appeared for appellee.

§ 160. *Street car; negligence in operating; evidence insufficient to prove; case stated.*  Appellee hitched his team of two horses attached to a wagon to a post on Main street in the city of Fort Worth.  Appellant's electric street car, in passing along said street, frightened said horses, and they broke loose from the post to which appellee had hitched them, and ran away, breaking the wagon, etc.  Appellant sued for damages in justice's court, and recovered judgment for $83, which judgment

on appeal by appellant to the county court was reduced to $70.50. To entitle appellee to recover damages, it devolved upon him to show by evidence that the injury of which he complained resulted from the negligence of appellant or its employees in operating the street car. We find no evidence of such negligence in this record. The driver of the street car was sounding a gong while the car was moving along the track. The noise was made to warn persons of the approach of the car, and to prevent accidents on the track. It was not a violation of law, or of any ordinance of the city, to sound the gong, nor does it appear that it was sounded unnecessarily or negligently. We conclude, therefore, that the sounding of the gong did not constitute negligence. Appellant had the legal right to operate its street cars upon said street, and could only be liable in damages for the injury caused by the carelessness of those operating them. It was not shown that the driver of the car was aware that appellee's horses were frightened and would probably break loose and cause injury to appellee's property unless he ceased to sound the gong. In other words, it was not made to appear by the evidence that, by the use of ordinary care and prudence, the driver of the car could have prevented the injury. It was the duty of the driver to watch the track upon which the car was being propelled, and to avoid collisions and accidents upon the track. He was not required, we think, to keep a lookout for teams not upon or approaching the track. He might well act upon the presumption that teams not upon or approaching the track, but which were standing on the sides of the street, were securely hitched, or if not so hitched, were not liable to become frightened and run off. [Hargis v. Railway Co., 75 Tex. 23.] Because the evidence fails to show a good cause of action, the judgment is reversed and the cause is remanded.

November 1, 1890.          Reversed and remanded.