TEXAS & PACIFIC RAILWAY COMPANY v. F. W. CORN.

No. 1896.    Decided December 16, 1908.

**1.—Railway—Killing Stock—Fence—Defective Gate.**

The duty of a railway to fence its track involves the maintenance of fence sufficient to prevent the ingress of cattle. Where a gate is put in the fence for neighborhood accommodation the company was not bound to watch and keep it closed; but the fact that the latch fastening it was defective afforded some evidence to go to the jury that the track was not properly fenced. (Pp. 195, 196.)

**2.—Killing Stock—Fenced Track—Negligence—Signals.**

The practice of sounding alarm signals to frighten stock from the track on discovering them there gives some ground for an inference of negligence in case of the omission of the signals in such case, sufficient to support the submission to the jury of the question of its causal connection with the killing of the cattle. (P. 196.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Corn sued the railway company for the value of stock killed by a train, and recovered judgment. It was affirmed on appeal by defendant, who then obtained writ of error.

*W. L. Hall* and *Spoonts, Thompson & Barwise,* for plaintiff in error.—The evidence failed to show that there was any substantial defect in the gate, and the court should not have submitted such issue to the jury. St. Louis & S. W. Ry. Co. v. Adams, 58 S. W., 1038; Missouri, K. & T. Ry. Co. v. Bradshaw, 83 S. W., 897; Houston & T. C. Ry. Co. v. O'Donnell, 99 Texas, 636.

There was no evidence that the engineer failed to use proper means to avoid the accident after he saw the cattle, and the verdict of the jury is therefore without evidence to support it.

*B. P. Ayres,* for defendants in error.—The court did not err in submitting to the jury the issue of negligence as to the condition of the gate. Missouri, K. & T. Ry. Co. of Texas v. Bradshaw, 83 S. W., 898-9; St. Louis & S. W. Ry. Co. v. Adams, 58 S. W., 1037-8; Gulf, C. & S. F. Ry. Co. v. Cash, 28 S. W., 387; Texarkana & Ft. S. Ry. v. Bell, 19 Ct. Rep., 401; Galveston, H. & S. A. Ry. v. Walter, 25 S. W., 163.

The evidence showing, or at least tending to show, that the

engineer failed to use ordinary care to avoid striking the cattle after seeing them, the court properly submitted the issue to the jury. Gray v. Fussell, 20 Ct. R., 267; Gulf, C. & S. F. Ry. Co. v. Matthews, 89 S. W., 988; Grand T. Ry. Co. v. Ives, 144 U. S., 417; Missouri, K. & T. Ry. Co. v. Bradshaw, 83 S. W., 898-9; Gulf, C. & S. F. Ry. Co. v. Cash, 28 S. W., 387; Texarkana & Ft. S. Ry. Co. v. Bell, 19 Ct. Rep., 401; Galveston, H. & S. A. Ry. Co. v. Walter, 25 S. W., 163.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.
The defendants in error sued the plaintiff in error for negligently killing certain cattle found upon the right of way of the railroad company and recovered judgment. The company's track was fenced at the scene of the accident, but there was a gate for the convenience of the neighborhood put into the fence. At what time, for what purpose and at whose instance, the evidence does not disclose. In the charge of the court the jury were authorized to give a verdict for the plaintiff in the event either that the company was negligent in keeping the gate in good repair or so that it would exclude cattle, or in the event the servants of the company who were running the train discovered the dangerous position of the cattle in time to have avoided the injury. In the application for the writ of error it is claimed, in substance, that there was no evidence to justify an instruction upon either issue. The court having submitted the question upon the issues and it being impossible to tell from the verdict upon what issue the jury found, we will have to reverse the judgment, provided either instruction is not authorized by the evidence. A careful consideration of the case has satisfied us that there was evidence both of the defect in the gate and that the peril of the cattle was discovered in time that, by the use of the means at their command, the servants might have avoided the injury. The evidence is conflicting upon both issues, but there was evidence that the gate was out of repair and would not latch without being raised for the purpose of passing the latch into the slot, and the testimony of Mrs. Boone, who was an eye witness to the accident, was that she saw no effort on the part of the servants of the company to check the train after the danger of the cattle was discovered, and that the whistle which the engineer testified that he had blown when he first saw them was not in fact blown until after the cattle were run over and killed.

We are not prepared to hold that under all the circumstances the company would have been liable for the gate being left open, but to fence a track means that it must be securely fenced so as to prevent the ingress and egress of livestock. If this is not done it can hardly be deemed a legal fence. We do not think that the company under all circumstances was liable for the gate being left open, it being a gate for the accommodation of the owner of the land and perhaps of his neighbors, and we do not think that the company would be bound to keep a watch to see that it was at all times kept closed. It would also seem that, if it had been shown that the gate was left open by the negligence of the owner of the

land, he could not recover for the injury to the cattle. But there is no such evidence in the case. Therefore, we think the company should be held responsible. The charge of the court was very favor-able to the defendant upon this issue and we see no reason to dis-turb the verdict on that account.

The testimony as to what Mrs. Boone observed contradicted the testimony of the engineer in regard to the discovery of the cattle and his attempt to stop the train. At all events the testimony would show that they had failed to blow the whistle in time to have scared the cattle from the track, if the whistle had been sufficient for that purpose. The presumption must be, we think, since it was the cus-tom of the railroad to give sharp blasts of the whistle in order to clear the track of livestock that were found upon it, that the whistle would, in some instances at least, result in the avoidance of an accident or injury. We can not therefore say that upon this issue there was no evidence for the charge of the court. The judg-ments of the District Court and of the Court of Civil Appeals must therefore be affirmed, and it is accordingly so ordered.

*Affirmed.*