SAN ANTONIO & A. P. RY. CO. v. SCHWET-HELM. (No. 5664.)

(Court of Civil Appeals of Texas. San Antonio. May 17, 1916.)

1. RAILROADS ☞446(10)—INJURIES TO ANIMAL NEAR TRACK—QUESTION FOR JURY AS TO PRECAUTIONS TAKEN.

Whether defendant railway company used all available means to avoid a collision between its train and plaintiff's horse and wagon which were awaiting freight at a station, after discovering the damage of such a collision, *held*, on the facts, to be a question for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1637; Dec. Dig. ☞446(10).]

2. RAILROADS ☞419(4)—INJURIES TO ANIMAL NEAR TRACK—DUTY TO STOP.

Where the engineer saw that a horse attached to a wagon and awaiting freight at a station was frightened by the approaching train, he should have stopped the train to avoid injury, and this duty would exist even if plaintiff's horse and wagon had been trespassers, instead of invitees, on the station grounds.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1496; Dec. Dig. ☞419(4).]

3. APPEAL AND ERROR ☞931(4)—FINDING BY COURT PRESUMED.

It will be presumed the court itself determined there was no general market for such articles as plaintiff's horse and wagon at place of collision with defendant's train, where there was evidence supporting such a conclusion and the question of market value was not submitted to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3764; Dec. Dig. ☞931(4).]

4. APPEAL AND ERROR ☞216(1)—OBJECTION TO, AND REQUEST FOR, INSTRUCTION NECESSARY TO PRESERVE GROUNDS FOR APPEAL.

Where defendant neither objected to the lack of, nor requested, an instruction submitting the question of market value to the jury, as required by statute, objection to the court's action will be considered waived.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞216(1); Trial, Cent. Dig. § 627.]

5. APPEAL AND ERROR ☞1062(2)—HARMLESS ERROR—FAILURE TO SUBMIT QUESTION OF MARKET VALUE TO JURY.

Where the market value of plaintiff's property, according to the evidence, was at least equal to its intrinsic value as found by the jury, the defendant was not prejudiced by the court's failure to submit the question of market value to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4213; Dec. Dig. ☞1062(2).]

6. EVIDENCE ☞113(1) — FACTS TENDING TO PROVE INTRINSIC VALUE OF PROPERTY ADMISSIBLE.

Where the real value of plaintiff's property was proper to be determined, there was no error in submitting testimony of facts and conditions tending to prove the intrinsic value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 259; Dec. Dig. ☞113(1).]

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Action by Emil Schwethelm against the San Antonio & Aransas Pass Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Taliaferro, Cunningham & Birkhead, and Williams & Hall, all of San Antonio, for appellant. W. C. Linden and Joe H. H. Graham, both of San Antonio, for appellee.

SWEARINGEN, J. Appellee sued for $530 damages, caused by appellant's train destroying a set of harness, a spring wagon, and killing a blooded mare at appellant's depot in Boerne.

The mare, harnessed to the wagon, was in charge of appellee's servant alongside and near the track waiting to receive freight, before dusk, about 5:30 p. m., at the usual place furnished by appellant for receiving freight shipped in on appellant's trains. Soon afterwards appellant's freight train approached the depot. When distant 400 or 500 feet, there was whistled the usual road crossing signal. The mare was restless, moving backwards and forwards, and was rendered more restless by the whistling and the approach of the train. Appellant's Boerne station master realized the apparent peril and undertook to control the mare, failing in which, or as a further precaution, he signaled the engineer of appellant's on-coming train, warning him of the peril. The engineer saw the mare acting strangely, understood the warning of peril when 50 to 75

feet away, and reduced the speed of the engine in an effort to heed the warning. The engineer could have stopped the engine after being warned before reaching the place of injury. Appellee's servant could not drive the mare away, which he tried to do by striking her with the lines. The engineer did not stop the engine, but passed by the mare. The mare backed the wagon against the moving train and was drawn under the wheels of the train, resulting in the destruction of the wagon and harness and the death of the mare.

Appellee alleged that the proximate cause of the injury was appellant's servants' neglect to use the means at hand to avoid the injury after discovering the peril. The jury answered special issues in favor of appellee, found the intrinsic value of the mare, wagon, and harness to aggregate $360.

[1] Appellant's first and second assignments urge that the refusal of a requested peremptory instruction for appellant was error:

Because it appeared "from the testimony of the plaintiff's witnesses that the plaintiff's agent, Otto Fritz, in charge of the mare, wagon, and harness shown to have been destroyed by defendant's train, had voluntarily placed himself in the position he was in at the time of the accident, with full knowledge of the then existing conditions and that the train that caused the destruction of the plaintiff's property was then approaching along the track near which he had stopped said vehicle. Because said animal and wagon was at the usual place teams are driven to receive freight, was standing clear of the track, in charge of a driver alleged to have been competent, and there being nothing in the testimony remotely tending to show that the said driver, the engineer, or any other person had cause to believe that said mare would back the wagon into the train."

The court very properly refused the peremptory instruction for appellant. There was evidence that, after the peril became apparent to the servants of appellant and appellee, appellee's servant would avoid the injury, but could not, while the appellant's servants could, but would not. Whether or not appellant's servants used the means at hand to avoid the injury after discovering the peril was an issue of fact properly submitted to the jury.

[2] Even had the mare been trespassing, appellant owed the duty to avoid the injury if the peril to the mare was discovered in such time that by the use of the means at their command the servants of appellant might have avoided the injury. Texas & P. Ry. Co. v. Corn, 102 Tex. 194, 114 S. W. 103. The opinion in this last-cited case was rendered by Chief Justice Gaines, who also rendered the opinion in the Hargis Case, cited by appellant. Hargis v. Railway, 75 Tex. 19, 12 S. W. 953. The distinction is: In the Hargis Case there was no evidence that the servants of the railway company discovered the peril while in the Corn Case there was evidence that the servants did discover the peril.

In the case at bar there was evidence that the servants discovered the peril in time to have avoided the injury had they stopped the train, which they could have done. And, further, in the case at bar appellee was not a trespasser, but had the right, was expected, and was even invited to have his mare at the place when and where she was. Certainly no less degree of care was required of appellant to avoid injuring one invited than a trespasser. Railway v. Tolbert, 90 S. W. 508; Railway v. Diaz, 156 S. W. 907; Railway v. Josey, 95 S. W. 688.

The first and second assignments are overruled.

[3, 4] The third, fourth, fifth, and sixth assignments complain of various errors of the trial court in the admission of testimony for the purpose of proving the intrinsic value of the mare, wagon, and harness at the time and place of injury.

There was positive testimony that there was no general market for such things at Boerne at the time of the injury. There was some general testimony that there was, at that time, a market about 40 miles from Boerne for mares similar to the one killed. The issue of whether there was or was not a market at that time at Boerne presented a fact to be determined. It must be presumed that the trial court determined this issue itself, for it submitted to the jury the question of intrinsic value only. Appellant did not object to the omission from the special instructions the question of market value, and did not request the submission of the issue of market value, as required by the statute, hence this court must hold that appellant waived the question of market value. Railway v. Kerr, 184 S. W. 1058 (5-7).

[5] It, however, happens in the present case that the evidence of market value is as much or more than the value found by the jury. If there was error, the appellant was not injured and cannot complain.

[6] Neither was there any error in the admission of any of the testimony of facts and conditions tending to prove the intrinsic value, as this testimony only tended to prove the real value.

The judgment of the trial court is affirmed.