Nat Friedman, Malcolm R. Wilkey and Jack Binion, all of Houston (Butler, Binion, Rice & Cook, of Houston, of counsel), for appellant.

John F. Heard, of Houston (Baker, Botts, Andrews & Parish, of Houston, of counsel), for appellee.

GRAVES, Justice.

This action was brought by appellant, Houston Ladder Manufacturing Company, to recover damages arising from appellee Slats-O-Wood Awning Company's breach of a contract to deliver certain milled extension-ladder parts to appellant.

The jury found that appellant and appellee entered into a mutual agreement in November, 1946, whereby appellee was to furnish appellant some 368,000 linear feet of milled extension-ladder parts. By the terms of this agreement, the milled ex-

---

**HOUSTON LADDER MFG. CO. v. SLATS-O-WOOD AWNING CO., Inc.**

**No. 12128.**

Court of Civil Appeals of Texas.
Galveston.

Nov. 3, 1949.

Appellees' Rehearing Granted
March 9, 1950.

Appellants' Rehearing Refused
March 30, 1950.

tension-ladder parts were to be shipped by appellee before March 1, 1947. However, of the 368,000 linear feet contracted for, appellee failed to ship 298,000 linear feet; that is, it in fact shipped only 70,000 such feet. Such failure, the jury found, damaged appellant in the sum of $25,000 for the loss of net profits to it after March 1, 1947.

The jury also found, in its answer to special issues Nos. 11 and 12, that J. Arabit, managing partner of appellant, led appellee to believe that he would accept shipments of extension-ladder rails, made after the expiration of the contract on February 28, 1947, and that appellee relied on this belief.

· On these findings, the Trial Court entered judgment for the appellee.

On this appeal the appellant challenges the validity of the jury findings on special issues Nos. 11 and 12, and the effect given these findings in relation to the answers to other special issues.

While appellant presents here some six points of error, each one of which is replied to by a counter-point from the appellee, it is the conclusion of this court, after its study of the briefs and arguments, both oral and written, that the judgment so rendered must be reversed, and the cause remanded to the trial court, because of its finding—in the exercise of its exclusive province in that behalf—that the jury's answer to special issue No. 11, as submitted by the court, was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

Appellant's second point is this: "Second Point: The Court erred in rendering judgment for the appellee, in that the finding of the jury in answer to special issue No. 11 is not supported by sufficient evidence, and is against the great weight and preponderance of the evidence."

Such special issue No. 11, together with the jury's answer thereto, were as follows: "Do you find from a preponderance of the evidence that J. Arabit, doing business as Houston Ladder Manufacturing Company, by his course of conduct between November 19, 1946, and February 28, 1947, led Slats-O-Wood Awning Company reason-ably to believe that he would accept shipments of extension ladder rails made after February 28, 1947? Answer: 'We do'."

This stated holding upon the preponderance of the evidence, and the materiality of it, as bearing upon the legal reaches of the controversy, between the parties growing out of their dealings under the contract, follows this court's construction of the contract to have been one which plainly called for the specified milled extension-ladder parts to be purchased by appellant from appellee, and to be delivered by the latter during the months of December, 1946, and January and February, of 1947—that is, that all such deliveries were to be completed before March 1 of 1947.

Indeed, the jury, in answering the foregoing special issues Nos. 1 to 5, inclusive, the court had also submitted, found such a contract—in its general features—to have been made, and, as indicated, that the ladder parts were to be shipped by the appellee to the appellant before March 1, of 1947.

The mutual agreement of the parties would seem to have clearly contemplated the shipment of the milled extension-ladder parts in the months of December, January, and February, and the jury so found.

While the appellee urges, and the jury found, that J. Arabit's course of conduct, after the contract was made, led appellee to believe that appellant would accept shipments after the contract period so ended, nowhere in the testimony has there been pointed out a claim by any witness that J. Arabit, or any other agent of appellant, ever stated that appellant would accept shipments made after February 28, 1947.

Since the holding that the jury's answer to issue No. 11 may not be upheld, and since the trial court's judgment without it cannot stand, a reversal must be ordered; wherefore, the other questions raised in the briefs need not be passed upon.

This court does not hold that, as a matter of law, there was no evidence tending to support the appellee's major defense that it was led to believe appellant would accept shipments after the contract period ended on the 28th day of February, 1947,

but only—to repeat it—that such finding under issue No. 11 was without sufficient evidence to permit it to stand.

This court's authority in such circumstances to set aside an unsupported jury finding is not only well-settled, but is also exclusive. Belser v. Herman Hale Lumber Co., Tex.Com.App., 41 S.W.2d 208; Besteiro v. Besteiro, Tex.Civ.App., 45 S.W.2d 379; Id., Tex.Com.App., 65 S.W.2d 759; Bibby v. Bibby, Tex.Civ.App., 114 S.W.2d 284, writ dismissed.

These conclusions require a reversal of the appealed-from judgment, and a remanding of the cause for another trial. It will be so ordered.

Reversed and remanded.

On Appellee's Motion for Rehearing

On reconsideration of this record, it is concluded that this court was—under the provisions of Rule 374, Texas Rules of Civil Procedure—without jurisdiction to consider the one question upon which it formerly reversed the trial court's judgment herein, to wit: Whether or not the jury's finding on Special Issue No. 11 was so against the great weight and preponderance of the evidence as to make it clearly wrong.

This was a jury case, hence the provisions of new Rule 374, to the effect that a ground of error not distinctly set forth in the motion for new trial in jury cases must be considered as waived, controls it.

The late authorities of our courts construing that provision seem to make it reasonably clear that the Court of Civil Appeals may no longer, in such specific circumstances, exercise its authority in a proper case to set a jury's finding aside as being so against the overwhelming weight of the evidence; among such authorities are these: Hall Music Co. v. Robinson, 117 Tex. 261, 1 S.W.2d 857; Cotton v. Cooper, Tex.Civ.App., 160 S.W. 597, affirmed, Tex.Com.App., 209 S.W. 135; Texas & P. Ry. Co. v. Corn, Tex.Civ.App., 110 S.W. 485, affirmed 102 Tex. 194, 114 S.W. 103; Texas & P. Ry. Co. v. Raney, 86 Tex. 363, 25 S.W. 11; 3 Tex.Jur. 225; McWilliams v. Adoue, Tex.Civ.App., 51

S.W.2d 1104; McDonald v. Simons, Tex. Com.App., 280 S.W. 571; Sibley v. Continental Supply Co., Tex.Civ.App., 290 S.W. 769; Scott v. Waldrop & Co., 8 S.W. 2d 552; Texas Indemnity Insurance Co. v. Warner, Tex.Civ.App., 159 S.W.2d 173, refused—want of merit; Bauguss v. Bauguss, Tex.Civ.App., 186 S.W.2d 384; and AAA Air Conditioning & Manufacturing Corp. v. Barr, Tex.Civ.App., 186 S.W.2d 825.

Further, since under the jury's finding in response to Special Issue No. 11, that appellant led the appellee reasonably to believe that it would accept shipments of extension-ladder rails made after February 28, 1947, and since the failure to ship them prior thereto was all appellant sued for, it follows that the trial court's judgment should be affirmed.

It will be so ordered. Appellee's motion for a rehearing is granted; this court's former judgment of reversal is set aside; and the trial court's judgment is affirmed.