J. H. O'DAIR v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

Delivered October 24, 1896.

**1. Charge of Court—Issue Without Evidence.**
Where an issue made by the pleading is without evidence that could support it, the court may properly omit it from the charge.

**2. Railway Company—Negligence—Escape of Steam from Engine.**
A railway company will not be held liable for personal injury to plaintiff resulting from a fright to his horse at a street crossing, caused by the sudden escape or discharge of steam from one of its engines, where it is not shown that its servants operating the engine knew of plaintiff's presence there, or of his perilous position.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*C. B. Randell,* for appellant, cited Whitsett v. Miller, 1 Posey's Un. Cas., 211; Brown v. Pridgen, 51 Texas, 127.

*Foster & Wilkinson,* for appellee.—An omission in the statement of the issues made by the pleadings would not be material if the charge has elsewhere submitted all the issues on which plaintiff could be entitled to recover under the proof. Hargis v. Railway, 75 Texas, 23; Morgan v. Railway, 98 N. C., 247 (3 S. E. Rep., 506); Abbott v. Kalbus (Wis.), 39 Am. & Eng. R. R. Cas., 594-597; Pierce on Railroads, 348; Rorer on Railroads, 704-705.

FINLEY, ASSOCIATE JUSTICE.—Appellant's statement of the case is substantially correct, as follows: This suit was begun in the District Court of Grayson County, Texas, by appellant J. H. O'Dair, as plaintiff, filing his original petition December 16, 1893, to recover damages against the appellee, Missouri, Kansas & Texas Railway Company of

Texas, as defendant, for personal injuries alleged to have been received by appellant on September 20, 1893, in the city of Denison, Grayson County, Texas, by reason of the negligence of the agents and servants of appellee operating a locomotive and train on appellee's railway. The negligence charged is that appellee's servants, operating said locomotive and train, failed to give proper warning and signals in approaching a crossing on a public street in said city of Denison, which crossing appellant was also approaching with the intention of crossing said railway on said public street; and further, that the locomotive and train were so negligently and improperly managed and handled by the servants of appellee, that the steam was caused and permitted to suddenly escape from the side of the engine upon and against the horse appellant was driving, thereby causing the horse to jump, and appellant was thrown out of his wagon and injured; for which he claimed damages in the sum of $20,000.

Appellee answered by a general denial, and specially plead contributory negligence on the part of appellant. The case was tried before a jury; judgment was rendered against appellant in favor of appellee, that appellant take nothing by his suit and appellee recover all costs, from which judgment he appeals.

*Opinion.*—The first assignment of error challenges the verdict and judgment as being contrary to the evidence. This assignment is not sustained by the record. The jury were justified by the evidence in reaching these conclusions: (1) That the railway company was guilty of no negligence causing the injury to plaintiff; (2) that the plaintiff himself was guilty of negligence which occasioned the injury.

The second assignment of error is as follows: "The court erred in charging the jury as follows: 'The plaintiff claims that his injury was caused by the failure on the part of the employes of defendant operating said train to sound the whistle or ring the bell on the engine when approaching said crossing, so as to give timely warning of the approach of said train. The defendant denies that its employes operating said train failed to sound the whistle or ring the bell on the engine pulling the said train, and deny further that such failure was the cause of any injury to plaintiff, because said charge misstates the case as made by plaintiff, and limits plaintiff's allegation and proof to the one question—as to whether the employes of the defendant failed or did not fail to give the proper signal in approaching the crossing;—when as a matter of fact, the allegations of plaintiff in his petition charged, and the proof showed and tended to show, that the agents of the defendant were guilty of gross negligence and want of ordinary care in the movement of said engine and train across said street in the manner in which it was moved, and in the handling of said engine in reference to said employes causing and permitting steam to escape from the side of said engine in a manner calculated to frighten plaintiff's horse, and which thereby caused plaintiff's injury."

The third assignment of error presents the same proposition.

Plaintiff's petition alleged the duty to give the statutory crossing signals and default therein, and also the following: "That when said engine had approached very near to plaintiff and the horse that plaintiff was driving to his vehicle as aforesaid, the agents and servants of defendant operating the said engine belonging to said train of cars, negligently conducted themselves in and about the management of said engine, and negligently and carelessly made and permitted a sudden, voluminous and noisy escape of steam from the engine, near and toward the horse plaintiff was driving, thereby suddenly startling and shocking both the horse and plaintiff, causing said horse to suddenly jump and jerk, and plaintiff was thereby thrown, etc."

After alleging his injuries he proceeded to aver that they were caused by the negligence of the defendant in omission of signals, and in their "negligence and carelessness in permitting the sudden, noisy and voluminous and unusual escape of steam from said engine when approaching said horse."

The witness Malloy testified that he was running the engine, and was sitting on the right or south side, and did not see the plaintiff until after the fireman called his attention after plaintiff fell. All the trainmen testified that there was no escape of steam or unusual noise. Plaintiff testified that there was nothing to prevent the men operating the train from seeing him, and that he did not know that the engineer or fireman did anything negligently or purposely to frighten his horse.

The evidence does not show that there was anything unusual or improper done on the part of those in charge of the engine. It does not tend to show any willful or wanton act on their part done to frighten the horse of plaintiff. It is usual and customary to emit steam in the operation of railway engines; and the emission of steam, to become negligence, must result from a state of circumstances existing and surrounding the parties at the time. It may be that if the operatives in charge of an engine see a horse attached to a vehicle, near the track, becoming frightened from the noise of the engine, it would be negligence not to desist from making the noise; but in such a case, it would be necessary to show that the operatives were apprised of the perilous situation before that duty would rest upon them. The evidence in this case does not show that condition of affairs, and there was no basis in the evidence authorizing the court to charge upon any other issue of negligence than that of failure to blow the whistle and ring the bell, as alleged. Hargiss v. Railway, 75 Texas, 23.

We think the court correctly presented the law upon the only issue raised under the pleadings and the evidence. The evidence fully justifies the verdict found by the jury, and we find no error committed upon the trial which would justify us in reversing the judgment.

The judgment is affirmed.

*Affirmed.*