Ft. Worth & Denver City Railway Company v. S. B. Longino.

No. 2025.     Decided March 16, 1910.

**Contributory Negligence—Person on Railway Track—Question of Fact.**

Where a railway track was so frequently used by pedestrians without objection that one so doing could not be held a trespasser, plaintiff, coming on same, at a point where an approaching train could have been seen a mile away, none then being visible, and traveling on the track at a trot for 150 yards, when he was struck by a train coming on him from behind, could not be held, as matter of law, to have contributed to the injury by his own negligence in failing to look back for an approaching train during the short interval when he was so upon the track.

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Longino sued the railway company and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*Spoonts, Thompson & Barwise,* for plaintiff in error.—The Court of Civil Appeals erred in affirming and in not reversing the judgment of the District Court, because of the error of that court in not directing a verdict for plaintiff in error upon each and all of the following grounds: (A) The undisputed testimony showed that defendant in error at the time he was struck by the train was walking along and on the railroad track; that he was not at any crossing of any kind, nor was he on the track for the purpose of crossing, but was using the track for his own accommodation and convenience, and as a footpath; that he had entered on such track over a cattle guard about 100 yards from the place at which he was struck, and was proceeding to walk along such track. The undisputed testimony further was that plaintiff in error, by substantial fences and cattle guards, had enclosed its track and right of way at the particular place in question, thus having done all reasonably within its power to prevent the defendant in error from walking upon the track at the place he was. (B) The proof further was that the defendant in error could have gone from his residence to the stockyards, which he was doing when hurt, by traveling along a public road, or by going across through a pasture instead of going on the inside of the enclosure of plaintiff in error and along its track. (C) The undisputed testimony further was that there was abundant room and space for the defendant in error, even after he had gone inside the enclosure of the plaintiff in error and so using its property as a pathway, to have walked along and on the railroad embankment and off to the side of the railroad track, so as to have been in the clear of and safe from being struck by passing trains, instead of doing which he chose to go onto the track and in between the rails thereof, continuing to walk there until he was struck by a train. St. Louis S. W. Ry. Co. v. Shiflet, 98 Texas, 331; Texas Midland R. Co. v. Byrd, 102 Texas, 263; Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas, 68.

The undisputed testimony showed that the train which struck defendant in error was plainly within his view and approaching him at the time he went on the track. He knew that a train was likely to pass that place at any moment, and absolutely no room for doubt can arise under the testimony but that he either wholly failed to look for the approaching train, or so carelessly looked therefor as that he did not see such train, which was at the time he went on the track, in fact, close to him and approaching, and within his plain view; or else he saw such train but nevertheless went heedlessly on the track a short distance ahead of the train, and continued to walk along the track, with his back to the train, until struck. The entire testimony, taken together and as a whole, discloses an entire absence of any care upon the part of the defendant in error. Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 73; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 118; Texas & P. Ry. Co. v. Fuller, 5 Texas Civ. App., 661.

*Capps, Cantey, Hanger & Short,* for defendant in error.—The physical facts, as well as the other evidence, clearly disclosed that when plaintiff went on defendant's track (judging by the rate of speed the train was traveling and the distance the plaintiff had walked and

trotted down the pathway on defendant's track) the defendant's train must have been north of Hodge, or a distance of more than a mile and a half from the crossing and out of sight of the same, and that it was at least inferentially established that plaintiff did look for an approaching train, and that defendant's engineer and fireman, particularly the fireman, did not keep such lookout at this particular place as it was his duty to have done, in view of the fact that the place of the accident was a pathway commonly used by the public. International & G. N. Ry. Co. v. Woodward, 26 Texas Civ. App., 389; Texas & P. Ry. Co. v. O'Donnell, 58 Texas, 42; St. Louis & T. Ry. v. Crosnoe, 72 Texas, 79; Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 357; Nacogdoches & S. E. Ry. Co v. Beene, 20 Texas Ct. Rep., 249; International & G. N. Ry. Co. v. Howell, 101 Texas, 603; Gulf, C. & S. F. Ry. v. Matthews, 99 Texas, 160; Gulf, C. & S. F. Ry. v. Matthews, 100 Texas, 63; Law v. Missouri, K. & T. Ry. Co., 29 Texas Civ. App., 134; Missouri, K. & T. Ry. Co. v. Bellew, 22 Texas Civ. App., 264; Texas & P. Ry. Co. v. Watkins, 26 S. W., 760; Texas & P. Ry. Co. v. Phillips, 37 S. W., 620.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

Defendant in error, S. B. Longino, was run over and injured by a train of the appellant company and sued and recovered damages therefor.

The accident occurred on the track of the Ft. Worth & Denver City Railway Company north of Ft. Worth. The track of the railroad was much traveled by pedestrians and in such manner that the officers of the company might be deemed to have acquiesced in such use. Clearly persons using it could not be deemed trespassers. Trains coming from the north, could be seen for a mile or more. The defendant in error with a companion by the name of Hoard started out to take the track and passed through a wire fence of the right of way and started down the track at a trot. When Hoard and defendant in error reached the railroad, Hoard testifies that he saw no train on the Ft. Worth & Denver City Railroad. When they had gone about one hundred and fifty yards, as he testifies, a man going in the opposite direction called the attention of the witness to the train that was following them, when he jumped from the track barely in time to escape being run over. Longino was at seven to ten feet in front of him. He called to Longino to get off the track; and Longino attempted to do so but was struck by the train and carried some fifty yards when he was flung aside and left near the track. Longino testified in the case but recollected nothing that happened after they reached the track. Now it is to be observed that Hoard testified that upon approaching the track he looked and saw no train upon the Ft. Worth & Denver City Railroad. Longino may have looked at the same time that Hoard did and have discovered that no train was in sight upon this road. Now if the train was running at the rate of thirty miles an hour, which is a low rate for a passenger train, it would require two minutes or 120 seconds to make the mile. It would require a little less than ten seconds to go 150 yards. How many times would a man of ordinary prudence be expected to look

in this short space of time? It is peculiarly a question of fact. The case is not unlike that of Dublin W. & W. Ry. Co. v. Slattery, L. R. 3 App. Cases, 1155, in which it was held in the House of Lords that a verdict that the deceased was not guilty of contributory negligence could not be set aside.

We have carefully considered the other assignments of error in the application for the writ of error but we are of opinion that they point out no error.

The judgment is accordingly affirmed.

*Affirmed.*