### TEXAS CENTRAL RAILROAD COMPANY v. A. P. BOESCH.

#### No. 2031.    Decided March 16, 1910.

**1.—Negligence—Operation of Train—Frightening Horse.**

Liability for frightening a horse on a highway near the railway tracks by the noise or escape of steam usual in its operation, arises only on discovery by the one operating the engine of its nearness and the danger of alarming it; but if the noise and escape of steam is unnecessary and unusual the operatives should be held under a duty to use circumspection and see that no teams are in a position to be frightened thereby. Charge held erroneous under this rule. (P. 258).

**2.—Same—Case Approved.**

Hargis v. St. Louis, A. & T. Ry. Co., 75 Texas, 19, approved and opinion of Court of Civil Appeals herein disapproved as in conflict therewith. (P. 259).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

*Collins & Cummings* and *J. A. Kibler,* for plaintiff in error.— Without undertaking to discuss in detail the various decisions of the Supreme Court and Courts of Civil Appeals of this State wherein the

proposition under consideration was raised, we respectfully submit that the giving of the charge under the facts developed on the trial hereof was not only justified but required under the settled law of this State as shown by the following authorities: Hargis v. St. Louis, A. & T. Ry. Co., 75 Texas, 19; Gulf, C. & S. F. Ry. Co. v. Box, 81 Texas, 670; Houston & T. C. Ry. Co. v. Carruth, 50 S. W., 1038; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 539; Gulf, C. & S. F. Ry. Co. v. Hord, 39 Texas Civ. App., 319; San Antonio & A. P. Ry. Co. v. Belt, 24 Texas Civ. App., 281; Gulf, C. & S. F. Ry. Co. v. Lankford, 9 Texas Civ. App., 593.

*V. L. Shurtleff* and *W. E. Spell,* for defendant in error.—This charge was erroneous because it ignored the issue or question as to whether or not the emission of steam in the manner and in the volume and at the time that it was emitted, if at all, constituted negligence; if steam was emitted from the engine at such a time, or in such a manner, or in such volume, as, under the circumstances, to make the emission of the same at that time, or in that manner, or in that volume, negligence, even though the engineer or other employe did not know of the presence or perilous position of plaintiff's wife, the defendant was liable for the injuries directly and proximately resulting therefrom. Missouri, K. & T. Ry. Co. of Texas v. Belew, 22 Texas Civ. App., 264; St. Louis S. W. Ry. Co. of Texas v. Moore, 107 S. W., 658; Houston & T. C. Ry. Co. v. Beard, 42 Texas Civ. App., 427; Elliot on Railroads, secs. 1179f, 1264.

The charge was erroneous because it assumed that the sudden emission of the steam, if such there was, was not negligence unless the defendant's operatives actually saw plaintiff's wife before the emission of the same; the issue as to whether or not this was negligence was raised by the pleadings and the evidence, and it was a question for the jury to determine. St. Louis S. W. Ry. Co. v. Moore, 107 S. W., 658; Missouri, K. & T. Ry. Co. v. Belew, 22 Texas Civ. App., 264; Houston & T. C. Ry. Co. v. Beard, 42 Texas Civ. App., 427; Elliot on Railroads, secs. 1179f, 1264; San Antonio & A. P. Ry. Co. v. Belt, 24 Texas Civ. App., 281; Galveston, H. & S. A. Ry. Co., v. Graham, 46 Texas Civ. App., 98; Texas & P. Ry. Co. v. Ball, 38 Texas Civ. App., 279; International & G. N. Ry. Co. v. Glover, 88 S. W., 515; Choctaw, O. & G. Ry. Co. v. Coker, 90 S. W., 999; Ft. Worth & D. C. Ry. Co. v. Partin, 33 Texas Civ. App., 173; St. Louis S. W. Ry. Co. v. Kilman, 39 Texas Civ. App., 107; St. John v. St. Louis S. W. Ry. Co., 79 S. W., 603; Gulf, C. & S. F. Ry. Co. v. Hord, 39 Texas Civ. App., 319; Missouri, K. & T. Ry. Co. v. Traub, 19 Texas Civ. App., 125; Missouri, K. & T. Ry. Co. v. Belew, 22 Texas Civ. App., 264; Texas Mid. Ry. Co. v. Cardwell, 67 S. W., 157; Texas & P. Ry. Co. v Hamilton, 66 S. W., 797.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

The following is a statement of this case as made by the Court of Civil Appeals of the Fifth Supreme Judicial District:

"Mrs. Boesch and companions were riding in a buggy on a street

in the town of Whitney and when they approached within thirty or forty feet of the point where the railroad track crosses said street they saw a train approaching and stopped their horse for the train to pass. It is alleged that when the train reached the crossing the engineer negligently caused steam to escape from the engine, causing a loud and unusual noise, which frightened the horse and caused it to run away, and injure Mrs. Boesch.

"The defendant plead a general denial and contributory negligence on the part of plaintiff.

"A trial resulted in a verdict and judgment for the railroad.

"It seems the engine passed over the crossing, going west, and stopped and then immediately began backing east. There is no controversy that the engine in crossing west made more noise than was customary and necessary in the operation of trains, but there was a sharp conflict whether the horse became frightened and ran from the sight and noise of the engine when it first reached the crossing going west, or. when it backed east at which time appellant's witnesses claim the engine emitted steam.

"Upon the question of the care devolving upon the railroad under the circumstances the court gave a special charge requested by the railroad, as follows: 'Notwithstanding you find and believe from the evidence that the engine of the defendant did emit steam and frighten the horse which was being driven by Mrs. Boesch at the time and place alleged in plaintiff's petition, yet, if you further believe that the engineer in charge of said engine did not see plaintiff and her companion in the buggy south of the defendant's track at the crossing of said track on Colorado Street in the town of Whitney as shown by the evidence, and that the fireman or other servant or employes of defendant on said engine at the said time and place did not discover the perilous position of plaintiff (wife) and the other occupants of the buggy in question, if you find their position was perilous, in time to have informed or advised the engineer in charge of such engine of their said position in time for such engineer by the use of the means at hand to have prevented the accident in question, then and in such event the plaintiff can not recover in this case and you will return a verdict for defendant.'"

We think the charge a correct statement of the law but for the fact that in running west the train made "an unnecessary and unusual noise." To frighten a horse by necessary and usual noise of running a train, when the fact of his being frightened is not discovered by the servants of the railroad company in charge of the train is one thing. To frighten a horse by an unusual and unnecessary noise is another. It is the right of the servants of a railroad company to move their trains with the usual and necessary noises, without keeping a lookout for frightened teams along the track. It was so held in the case of Hargis v. St. Louis, A. & T. Ry. Co., 75 Texas, 19. But where they undertake to make an unusual and unnecessary noise at a crossing of a public road or street, they should exercise circumspection and see that there are no teams in position to be frightened, by such unusual sounds. The charge of the court excludes this idea and for that reason the judgment must be reversed.

The opinion of the Court of Civil Appeals lays it down that it is the duty of the servants of a railroad company to keep a lookout for frightened horses at all times along the track of the railroad, which is in conflict with the rule announced in the Hargis case above cited. For this reason we granted the writ of error, though it is a reversed and remanded case.

The judgment is reversed and the cause remanded with instructions to proceed in accordance with this opinion.

*Reversed and remanded.*