GEORGE EDWARDS v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

No. 2252.   Decided November 27, 1912.

1.—Supreme Court—Jurisdiction—Overruling Decisions.

To show jurisdiction in the Supreme Court over a case reversed and remanded on appeal, the application for writ of error under Subdivision 5 of article 944, Revised Statutes, should point out the decision claimed to have been overruled by the opinion sought to be revised.   (P. 405.)

2.—Railway—Negligence—Frightening Stock.

It is not negligence for a railway to move its trains with the usual and necessary noises without keeping a lookout for stock liable to be frightened thereby. The operatives seeing a woman leading a cow in proximity to the track had a right to presume that the animal was one which would not be frightened by the ordinary noise of the train.   (P. 406.)

3.—Same—Signals.

The whistle signal required to be given by trains approaching a public crossing (Rev. Stats., 1911, art. 6564) is required to be sounded at least eighty rods from such crossing. The signal is not improper, unnecessary, or negligent, because sounded at a greater distance than the minimum required. (Pp. 406, 407.)

4.—Same—Case Stated.

A woman led a cow upon the right of way at a farm crossing, hearing a train approaching before she entered the gate. The cow, alarmed by a whistle signal given by the passing train as warning of its approach to a public crossing more than eighty rods beyond, sprang against and injured the woman. Held, that these facts did not show any negligence on the part of those operating the train, and a recovery of damages against the company is reversed and judgment rendered in its favor.   (Pp. 405-407.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hunt County.

Edwards sued the Railway Company and had judgment. Plaintiff obtained writ of error on the reversal and remand of the case on his appeal, on the ground that the rulings practically settled the case against it.

*B. Q. Evans,* for plaintiff in error.—The Court of Civil Appeals erred in sustaining appellant's second assignment of error, and in

holding that the court erred in submitting the case to the jury on the theory that it was the duty of the agents and servants in charge of and operating the engine to have kept a lookout and discovered plaintiff's wife and the position she was in. McGrew v. St. L. & S. F. Ry. Co., 32 Texas Civ. App., 265; Texas & P. Ry. Co. v. Watkins, 88 Texas, 20; Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 348; Missouri, K. & T. Ry. Co. v. Sanders, 42 Texas Civ. App., 545; Missouri, K. & T. Ry. Co. v. Belew, 22 Texas Civ. App., 264.

*E. B. Perkins,* and *Templeton, Craddock, Crosby & Dinsmore,* for defendant in error.

Mr. Chief Justice Brown delivered the opinion of the court.

We copy from the opinion of the Court of Civil Appeals the following statement of the case:

"This suit was brought by George Edwards against the Railway Company to recover damages for personal injuries to his wife, alleged to have been sustained by her by reason of being jumped against and knocked down by a cow she was leading becoming frightened at the blowing of the whistle of a passing train of the defendant at a private crossing over defendant's track, inside the inclosure of a farm on which plaintiff lived.

"Defendant plead the general issue and specially that the train was properly operated and in the usual manner; that plaintiff's wife knew that the train was coming before she reached the gate that led to the crossing, and after going through said gate had ample time to have reached a place of safety; that she know how trains were usually operated at said place and that she assumed the risk and was guilty of contributory negligence.

"A trial resulted in a verdict and judgment for plaintiff, from which the railway company appeals."

The verdict and judgment in the District Court for plaintiff in the sum of $1,500.00 was reversed and the case remanded by the Court of Civil Appeals.

To show jurisdiction in this court the petitioner stated that "the verdict and judgment of the trial court, having been reversed and remanded, we ask this court to take jurisdiction in this case under subdivision 5, 7, and 8, of Art. 941, Sayles' Civil Statutes." (Art. 1522, Rev. Stat., 1911.)

The statement of the grounds of jurisdiction is not in compliance with the rules of this court.

Subdivision 5 of Article 941 reads: "Cases in which a civil court of appeals overrules its own decisions or the decision of another court of civil appeals or of the supreme court."

The application does not point out any decision overruled in this case.

Subdivision 7 of said article is in this language: "Cases in which any two of the courts of civil appeals may hold differently on the same question of law."

Subdivision 8 of said article reads: "Where the judgment of the Court of Civil Appeals reversing a judgment practically settles the

case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly.''

The application was granted for the reason that the decision of the Court of Civil Appeals practically settles the case. Such an application admits the correctness of the conclusions of fact and that the applicant cannot upon another trial prove anything additional that would change the result. The application challenges the correctness of the law as applied by the Court of Civil Appeals in this case.

We copy the findings of fact:

''Plaintiff's wife testified, in effect, that said crossing had been used frequently and for a long time by persons on the farm, and that persons might reasonably be expected to be on or about the crossing, intending to use it; that the track was fenced, with gates on either side and the right-of-way was about 100 feet wide; that she was leading a cow intending to cross the track to give her water; that when she approached the gate she heard a train, but paid no attention to it. She led the cow through the gate and just as she reached the inside thereof the train passed and sounded the whistle at the crossing, which frightened the cow, causing her to jump against plaintiff's wife, injuring her.''

Does the evidence show that the servants of the railroad company were negligent in operating the train, and that Edwards' wife was injured in consequence thereof?

The injury having occurred at a farm crossing, the diligence required of the railroad employes is clearly stated by Judge Gaines in Texas Central Ry. Co. v. Boesch, 103 Texas, 256; 126 S. W., 8, thus: ''It is the right of the servants of a railroad company to move their trains with the usual and necessary noises, without keeping a lookout for frightened teams along the track.'' Hargis v. Railway Co., 75 Texas, 19, 12 S. W., 953.

Mrs. Edwards knew more of the cow's traits than the trainmen could know, and she having led the animal to a place near to the railroad track, the operatives of the train could presume and would naturally conclude that the cow would not be frightened by the ordinary noises of the trains.

Nothing occurred before the whistle was blown to give notice to the railroad employes that the cow would probably be alarmed by the sounding of the whistle. But counsel for plaintiff in error assert that the sounding of the whistle was unnecessary at that place. Article 6564, Revised Statutes, 1911, contains this language:

''A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and the whistle shall be blown and the bell rung at the distance of at least eighty rods from the place where the railroad shall cross any public road or street, and such bell shall be kept ringing until it shall have crossed such public road, or stopped.''

The evidence shows there was a crossing of the railroad track over a public road west of the farm crossing in the direction the train

was going. The whistle that frightened the cow was blown as a signal for that public crossing, therefore, it was necessary because required by law. But it is claimed that the farm crossing at which the whistle was sounded was more than eighty rods from the public crossing. The statute quoted above requires that the whistle must be sounded "at least" eighty rods, and being sounded in obedience to that law, it was necessary and usual. It need not have been blown at any particular distance from the crossing if not less than eighty rods and at such point as would give notice of the train's approach to persons who might be near to and intending to use the public crossing.

The evidence fails to show negligence on the part of the employes of the railroad company, therefore, plaintiff shows no right of recovery. It is accordingly ordered that the plaintiff take nothing and that defendant go hence without day and recover of plaintiff all costs.

*Affirmed and rendered for defendant in error.*