BAKER v. GALBREATH. (No. 6038.)

(Court of Civil Appeals of Texas. Austin. March 12, 1919. Rehearing Denied May 7, 1919.)

1. RAILROADS ⊜⇒394(6) — PERSONAL INJURY ACTIONS—PLEADING — SUFFICIENCY OF ALLEGATIONS IN DISJUNCTIVE.

An allegation that, although those in charge of train which frightened plaintiff's team saw, or should have discovered, that team was frightened, the operatives continued to cause the whistle to blow, etc., does not raise the issue of discovered peril, and is demurrable, since to allege that one or the other of two things is true is not to affirm the truth of either.

2. PLEADING ⊜⇒34(4) — CONSTRUCTION AGAINST PLEADER — ALLEGATIONS IN DISJUNCTIVE.

When two causes of action or defense are pleaded in the disjunctive, one of which is good and the other is not, it amounts to no more than pleading the latter, because a pleading will be construed most strongly against the pleader.

3. RAILROADS ⊜⇒360(2) — PERSONAL INJURY ACTIONS — NEGLIGENCE — FRIGHTENING TEAMS—DUTY OF TRAIN CREW.

Blowing whistles and making noise being a necessary result of operating trains, those in charge of them are under no obligation to look for teams, which might become frightened by the noise even though such teams be upon public roads.

4. RAILROADS ⊜⇒360(2) — PERSONAL INJURY ACTIONS—FRIGHTENING TEAMS — UNUSUAL AND UNNECESSARY NOISE.

A railroad company is liable for injuries caused by a team on a neighboring road becoming frightened, if such injury is occasioned by unusual and unnecessary noise made by the train.

5. RAILROADS ⊜⇒360(2) — OPERATION — FRIGHTENING TEAMS—DUTY OF RAILROAD COMPANY.

Where a frequently traveled road is near a railroad, the company owes the duty not to make any unnecessary and unusual noise of a character calculated to frighten a team, though the company's employés are unaware of the presence of the team.

6. LIMITATION OF ACTIONS ⊜⇒127(5)—AMENDMENTS—PERSONAL INJURY ACTION.

In an action for personal injuries sustained when plaintiff's team became frightened by defendant's train, while traveling on a neighborhood road, an amendment, filed more than two years from the date of the injury, alleging that the road was a public road, did not set up a new cause of action, so as to be barred by the two-year statute of limitations.

7. EVIDENCE ⊜⇒119(1) — PERSONAL INJURY ACTIONS—RES GESTÆ.

In an action for personal injuries occasioned by plaintiff's team becoming frightened by defendant's train while traveling on a road parallel to the railroad track, evidence that a certain named road was on the opposite side of the railroad from that on which plaintiff was traveling was admissible as part of the res gestæ as to whether the road was much traveled; it appearing that the road on which plaintiff was traveling crossed the track and entered such road near where the injury occurred.

8. EVIDENCE ⊜⇒471(22)—CONCLUSION—PERSONAL INJURY ACTIONS—ADMISSIBILITY.

In an action for personal injuries sustained when plaintiff's team was frightened by defendant's railroad train, while traveling on a public road, an answer that witness did not remember how long the road had been used by the public, "but a long time," was not inadmissible as a conclusion.

Appeal from District Court, Milam County; John Watson, Judge.

Action by Jack Galbreath against Jas. A. Baker, receiver of the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Chambers & Wallace, of Cameron, Butler, Henderson & Davis, of Bryan, and Dabney & King, of Houston, for appellant.

U. S. Hearrell and R. B. Pool, both of Cameron, and O. D. Graham, of Thorndale, for appellee.

Issues Made by the Pleadings.

JENKINS, J. This suit was brought to recover damages for injuries suffered by appellee, by reason of his team becoming frightened, by blowing a whistle and letting off steam by the operatives of appellant's train, which acts are alleged to have been negligence on the part of appellant, and the proximate cause of appellee's injuries.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant answered by general and special exceptions, general denial, and plea of contributory negligence.

### Findings of Fact.

(1) Appellee was traveling in a hack drawn by his team along a road, near to and parallel with appellant's track, which, though not shown to be a public road in the sense that the same had been laid out and was being maintained by the county authorities, was public in the sense that it was much used by the public.

(2) Appellee had crossed the railroad from the Thorndale and Rockdale road, which paralleled the railroad on the east side, to the road on which he was traveling on the west side, when the whistle blew for said crossing.

(3) Appellant's train ran up beside appellee, and continued to blow the whistle and let off steam, by reason of which appellee's team became frightened, and ran away and overturned his hack and injured him. The blowing of the whistle and letting off steam, as herein stated, produced unusual and unnecessary noise, and were the proximate cause of appellee's injuries, and were acts of negligence on the part of appellant's employés in charge of the train.

(4) Appellee was not guilty of any act of negligence in connection with the matters referred to in these findings of fact.

(5) The injuries of appellee were of such nature and extent as to support the finding of the jury in his favor for the amount found by them, to wit, $1,500.

The above findings of fact are based upon the findings of the jury in answer to the special issues submitted to them, which findings are supported by the evidence.

### Opinion.

Notwithstanding the fact that appellant has filed herein a brief of 76 pages, containing 33 assignments of error, the legal points involved are not numerous. The disposition of most of appellant's assignments of error depends upon the answer to the question: Under what circumstances is a railway company liable for injuries resulting from its frightening a team? This issue is raised in the instant case by general and special exceptions, by objection to the issues submitted, and by special issues requested by appellant, and refused by the court.

Appellee did not allege discovered peril, though there was an attempt to do so, as appears from the following excerpt from his petition:

"Although they (those in charge of the train) saw that the team was frightened and excited, or should have discovered that they were frightened and trying to run away, the operatives of said train nevertheless continued to cause the whistle of the engine to blow," etc.

[1] To allege that one or the other of two things is true is not to affirm the truth of either, but only that if the one is not true the other is. Such an allegation is not good as against a general demurrer. Snipes v. Oil Co., 106 Tex. 181, 161 S. W. 1; Thorndale Mer. Co. v. Evens & Lee, 146 S. W. 1056.

[2] When two causes of action or defense are pleaded in the disjunctive, one of which is good and the other is not, it amounts to no more than pleading the latter, for the reason that a pleading will be construed most strongly against the pleader. McQuarry v. Railway Co. (Ky.) 128 S. W. 330; Railway Co. v. Lang's Adm'r, 135 Ky. 76, 121 S. W. 996; Fields v. Railway Co., 163 Ky. 673, 174 S. W. 44.

But notwithstanding that the attempted allegation as to discovered peril was not sufficient to raise that issue, the court did not err in overruling appellant's general demurrer, for the reason that there remained enough to show a good cause of action, in that it was alleged that "the operators and employés caused the whistle to blow and to make a loud and unnecessary and unusual noise, and thereby caused plaintiff's team to become frightened," etc.

[3] Blowing whistles and making noise is a necessary result of operating trains, and those in charge of them are under no obligation to look for teams on roads near such trains, which might become frightened by such noise, even though such teams be upon public roads. Hargis v. Railway Co., 75 Tex. 21, 12 S. W. 953; O'Dair v. Railway Co., 14 Tex. Civ. App. 539, 38 S. W. 242; Railway Co. v. Graham, 46 Tex. Civ. App. 98, 101 S. W. 848; Railway Co. v. Hord, 39 Tex. Civ. App. 319, 87 S. W. 850; Edwards v. Railway Co., 105 Tex. 404, 151 S. W. 289; McMillan v. Freeman, 138 S. W. 627; Railway Co. v. Hemphill, 58 Tex. Civ. App. 232, 125 S. W. 342.

[4] But, while it is true that those in charge of a railway train may move the same in the usual and ordinary manner with the accompaniment of the usual and ordinary noise, without rendering the railway company liable for injury resulting from teams becoming frightened by reason of such noise, where the danger is not discovered in time to prevent the same by the use of ordinary care, this fact does not relieve such companies from liability when such injury is occasioned by unusual and unnecessary noise. Railway Co. v. Boesch, 103 Tex. 256, 126 S. W. 8; Railway Co. v. Belt, 24 Tex. Civ. App. 281, 59 S. W. 611; Adams v. Railway Co., 122 S. W. 898; Railway Co. v. Traub, 19 Tex. Civ. App. 125, 47 S. W. 283, 284.

The law as above stated requires us, under the allegations of plaintiff's petition and the evidence herein, to overrule most of appellant's assignments of error.

The special issues submitted by the court were pertinent to the issues of fact raised by the pleading and the evidence herein, and the court did not err in submitting the same to the jury. Nor did the court err in refusing to submit the special issues requested by the appellant. The objections to the issues submitted, as well as the ground for special issues requested, are based, for the most part, upon the assumption that appellant was not liable for the injuries sustained by appellee in the absence of discovered peril; that it owed no duty to appellee to discover his presence on the road, and that there was no evidence to warrant the submission of the special issues, which were submitted.

The appellee's objections ignore appellant's liability, if the injury was occasioned by unusual and unnecessary noise. Appellee testified as to circumstances under which the whistle was blown and the steam was blown off. Appellant's engineer, while denying such acts, stated that if the same was true, such noise was both unusual and unnecessary.

One of the special issues requested by appellant, and refused by the court was as follows:

"Did the operatives of said engine needlessly and unnecessarily in the operation of their engine blow a whistle or emit steam, after they had seen the plaintiff and his team, and realized that the team would likely be frightened?"

[5] It is immaterial whether the operatives saw the appellee at all. If the road on which he was traveling was one frequently traveled, the appellant owed the duty to every one who might be on said road not to make any unnecessary and unusual noise of a character calculated to frighten any team that might happen to be on said road, without ascertaining that no team was then on the same. The physical facts show that the operatives of the engine could have seen appellee if they had looked. Though they were under no obligation to look while they were operating the train in the usual manner, it was their duty to ascertain that no team was on the road before making unnecessary and unusual noises of the character alleged and proven in this case.

[6] Appellee's original petition was filed within two years from the date of his injury; his amended petition was filed more than two years from said date. In his original petition, appellee alleged that his team became frightened while he was traveling on a neighborhood road. In his amended petition he alleged that the travel on said road was such as to make it in fact a public road. Appellant excepted to appellee's amended original petition, for the reason that it set up a new cause of action, which appeared upon the face of such petition to be barred by the two-year statute of limitation.

There is no merit in this contention. The allegation in the amended petition was merely an amplification of his original cause of action, and did not set up a new cause of action. Appellee's cause of action, as alleged in his original petition, was the damage suffered by him by reason of the injuries occasioned by the negligence of appellant in making unnecessary and unusual noises, whereby appellee's team was frightened. His cause of action was not changed by his amendment, alleging that the road on which he was traveling was much used by the public.

[7] There was no error in permitting William Galbreath to testify that the Thorndale and Rockdale road was on the opposite side of the railroad from that on which appellee was traveling. The road on which appellee was traveling crossed the track and entered the Rockdale and Thorndale road near where the injury occurred, and its existence at that place was part of the res gestæ, as to whether the road upon which appellee was traveling was much used by the public; it being shown that it was used in going to and from these towns.

[8] There was no error in permitting the witness W. K. Galbreath to state how long the road upon which appellee was traveling had been a public road. The proposition submitted by appellant is that the witness should have stated the facts, and not his conclusion. The witness did state the facts with reference to said road being used by the public. As to how long it had been so used was a fact and not an opinion. His answer was, "I do not remember, but a long time."

Appellant assigns error on the refusal of the court to grant a new trial, on the ground that the damage awarded is excessive.

While there is testimony showing that appellee's injuries are neither serious nor permanent, his testimony and that of some of his witnesses is to the contrary, and, if true, is sufficient to warrant the amount found by the jury. The jury were the judges of the credibility of the witnesses and the weight to be given to their testimony.

Finding no reversible error of record, the judgment of the trial court is affirmed.

Affirmed.